IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHAN MOORER-BEY, )
BOP REGISTER # 03502-007, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 12-212-GPM
)
FEDERAL BUREAU OF PRISONS, et al., )
)
      Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes to the Court on transfer from the United States District Court for the District of Columbia. Plaintiff Stephan Moorer-Bey, a prisoner in the custody of Defendant Federal Bureau of Prisons ("BOP") who currently is incarcerated in the Federal Correctional Institution in Terre Haute, Indiana, brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional rights by persons acting under color of federal law. This case is before the Court pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Moorer-Bey's operative complaint in this case (Doc. 11), in August 2009 Moorer-Bey was transferred from the United States Penitentiary in Atwater, California, to the United States Penitentiary in Terre Haute ("USP Terre Haute") pursuant to a disciplinary transfer. The cause of the transfer was that Moorer-Bey had filed Uniform Commercial Code ("UCC") financing statements against Defendants Dennis M. Wong and Eliezer Ben-Shmuel, who are BOP employees. Apparently, Moorer-Bey also had made a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., for information about five BOP employees, including Wong and Ben-Shmuel. While Moorer-Bey was waiting to learn whether his FOIA request had been granted or not, on April 6, 2011, his cell at USP Terre Haute was searched. According to Moorer-Bey, all of his property was confiscated. Some of the property was returned

to Moorer-Bey, such as clothing, shoes, commissary items, and religious materials, but Moorer-Bey's law books, including various books pertaining to the UCC, and other legal materials were not returned. Moorer-Bey's FOIA request was granted, and he was informed that the estimated cost of the approximately 2,500 pages that would be released to him pursuant to his FOIA request was $256. On May 10, 2011, Moorer-Bey arranged for the $256 to be paid out of his prison trust account. On May 12, 2011, Moorer-Bey was placed in the special housing unit at USP Terre Haute for reclassification. On June 17, 2011, Moorer-Bey was transferred to the United States Penitentiary in Marion, Illinois ("USP Marion"). Immediately before Moorer-Bey's transfer to USP Marion, Moorer-Bey received a disciplinary charge from Defendant Stephen Cope, a guard at USP Terre Haute, for possession of a person search performed through Intelius, Inc. ("Intelius"), and two UCC financing statements totaling $8,500,000. At USP Marion, Moorer-Bey also received a disciplinary charge for possession of contraband, presumably the Intelius person search and the UCC financing statements.

According to Moorer-Bey, approximately four months after he directed the $256 charge for his FOIA request to be deducted from his prison trust account, Moorer-Bey cancelled the check he had written and had the $256 re-credited to his account. Moorer-Bey then directed inquiries about the status of his FOIA request to Defendant Joyce Zoldak, a BOP employee, but received no response to his inquiries. Moorer-Bey complains also that Cope wrote him a disciplinary charge for "[u]se of the telephone for abuses other than illegal intent," for which Moorer-Bey was convicted. Doc. 11 at 5. Moorer-Bey's appeal from the conviction on the disciplinary charge was rejected. In addition, Moorer-Bey complains that, when he attempted to file the instant lawsuit in the federal trial court in the District of Columbia, prison officials opened his legal mail outside his presence and

removed the check Moorer-Bey had written for the filing fee, causing the action to be dismissed. Moorer-Bey also complains that, when he received the documents he had requested pursuant to FOIA, they had been substantially and improperly redacted, so that Moorer-Bey in fact received only thirteen of the promised 2,500 pages of materials.

As an initial matter, the Court notes that BOP is not a proper party to a *Bivens* action, which may be brought only against a federal employee in his or her individual capacity, not against the federal government or its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994). Also, a *Bivens* claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983, and the same legal principles have been held to apply in both instances. *See Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978); *Paton v. La Prade*, 524 F.2d 862, 871 (3d Cir. 1975). Thus, in order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983). Here Moorer-Bey has failed to provide even the most basic of allegations that Defendants Amber Nelson, Richard W. Schott, Thomas Kane, and FBOP Associate Director of Programs were personally involved in any deprivation of Moorer-Bey's constitutional rights. Assuming that any of these Defendants were involved in a denial of a grievance or other administrative complaint by Moorer-Bey, this nonetheless does not establish the personal involvement of these Defendants in any wrongdoing against Moorer-Bey. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative

complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

With respect to Wong and Ben-Shmuel, the only allegation that Moorer-Bey makes against them is that they supposedly owe him money. If true, this obviously does not amount to a constitutional claim. As to the shakedown of Moorer-Bey's cell at USP Terre Haute and the alleged unlawful confiscation of Moorer-Bey's property, this is a matter to be taken up with the United States District Court for the Southern District of Indiana, the forum where, unlike this Court, jurisdiction and venue is proper as to such a claim. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 94(b)(2). The Court notes in passing that any due process claim asserted by Moorer-Bey based on the alleged loss of his law books and legal materials likely is a non-starter. Due process requires the government to give notice and a hearing, to the extent it is practicable, before a person is finally deprived of life, liberty or property. *See Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, if a person is subjected to a random and unauthorized deprivation of property by a governmental actor, due process is satisfied if the government provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). *See also Vennes v. Unknown Number of Unidentified Agents of U.S.*, 26 F.3d 1448, 1452 (8th Cir. 1994) (noting that an adequate post-deprivation remedy extinguishes *Bivens* claims based on unauthorized takings of property by federal actors). Moorer-Bey has an adequate post-deprivation remedy in the form of a suit for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Similarly, if in fact officials at USP Terre Haute interfered with Moorer-Bey's access to courts, this too is outside the Court's venue and jurisdiction. Also, it is the case that interference with a prisoner's legal mail by prison officials

can implicate the prisoner's First Amendment right of access to the courts. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). However, a prisoner claiming that prison officials interfered with the right of access to the courts must set out in a complaint the following: "the identification of the underlying claim that was lost; a description of the 'official acts frustrating the litigation'; and the identification of a 'remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.'" *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Here Moorer-Bey does not allege that he lost a claim due to interference with his right of access to the courts, nor does he seek a remedy that is otherwise unavailable.

With respect to Cope, it appears that he is employed at USP Terre Haute, in the Southern District of Indiana, and therefore is outside the jurisdiction or subpoena power of this Court. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii); *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009). Also, any *Bivens* claim by Moorer-Bey against Cope in connection with the disciplinary charge that Cope wrote against Moorer-Bey for improper use of the telephone is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id*. at 486-87 (footnote omitted). The *Heck* rule extends to *Bivens* actions and to sentences imposed for infractions of prison discipline. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997);

*Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Here there is nothing in the complaint to suggest that Moorer-Bey's disciplinary sentence has been overturned, and in fact he concedes that it has been affirmed. Finally, as to any claim Moorer-Bey may be trying to assert for retaliation in violation of his First Amendment rights, the abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (generally a state or federal official involved with securing the prisoner's incarceration) is well known to the courts. *See, e.g., United States v. Gordon*, No. CV205-158, 2005 WL 2237640, at *1 (S.D. Ga. Aug. 25, 2005) (prisoners filed "facially absurd" liens and UCC financing statements designed to harass and intimidate government officials in the performance of their duties); *United States v. Brum*, No. Civ.A. 105CV110, 2005 WL 1606584, at **2-3 (E.D. Tex. July 1, 2005) (a prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); *United States v. Martin*, 356 F. Supp. 2d 621, 623 (W.D. Va. 2005) (a prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000 debt owed him by various government officials). Such behavior does not qualify as constitutionally-protected speech and in fact has led to criminal prosecution of prisoners who engage in this behavior. *See, e.g., United States v. Talley*, 315 Fed. Appx. 134, 135-36 (11th Cir. 2008) (affirming the conviction of a prisoner for conspiracy to impede or injure an officer of the United States and endeavoring to influence, intimidate, or impede an officer of the United States by filing fraudulent creditors' liens, default notices, and other fraudulent commercial instruments in an attempt to damage the personal finances of the district judge and prosecutors involved in the trial on drug and firearm charges for which the prisoner had been convicted and was serving time).

Finally, the Court turns to Moorer-Bey's claim against Zoldak for allegedly failing to respond to Moorer-Bey's inquiries about his FOIA request. FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Bensman v. United States Forest Serv.*, 408 F.3d 945, 958 (7th Cir. 2005). Thus, FOIA requires federal agencies to make information available to the public when requested unless the information falls within one of nine exemptions. *See Enviro Tech Int'l, Inc. v. EPA*, 371 F.3d 370, 374 (7th Cir. 2004). FOIA gives federal courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 384 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). In general, federal agencies are the only proper parties in FOIA litigation. *See* 5 U.S.C. § 552(a)(4)(B); *Blanck v. FBI*, No. 07-C-0276, 2007 WL 4561102, at *5 (E.D. Wis. Dec. 21, 2007). Accordingly, FOIA does not create a cause of action for a suit against an individual employee of a federal agency such as Zoldak. *See Randle v. C.I.R.*, No. 91 C 5757, 1992 WL 37444, at *2 (N.D. Ill. Feb. 21, 1992) (citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987)). Most importantly, FOIA creates a comprehensive remedial scheme that precludes any claim under *Bivens* or 42 U.S.C. § 1983 for an alleged violation of FOIA. *See Isasi v. Jones*, No. 09-5043, 2010 WL 2574034, at *1 (D.C. Cir. June 10, 2010); *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *Rodrigues v. Norwood*, No. EDCV 10–629–R (MAN), 2010 WL 2740174, at **5-6 (C.D. Cal. July 9, 2010); *Kroposki v. FAA*, Civil No. 3:08CV01519(AWT), 2009 WL 2710223, at *2 (D. Conn. Aug. 26, 2009); *Duxbury Trucking, Inc. v. Massachusetts Highway Dep't*, Civ. Action No. 04cv12118-NG, 2009 WL 1258998, at *6 (D. Mass. Apr. 29, 2009). Accordingly, Moorer-Bey's claim against Zoldak is due to be dismissed.

To conclude, it is it is hereby **ORDERED** that, pursuant to 28 U.S.C. § 1915A(b)(1), Moorer-Bey's claims against BOP, Nelson, Schott, Kane, BOP Associate Director of Programs, Zoldak, Wong, and Ben-Shmuel are **DISMISSED with prejudice** as frivolous. It is **further ORDERED** that Moorer-Bey's claim against Cope is **DISMISSED without prejudice**, so that Moorer-Bey, if he wishes, may re-file his claims against Cope in the United States District Court for the Southern District of Indiana. Moorer-Bey is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *See Johnson v. Schoen*, Civil No. 10-113-GPM, 2011 WL 245569, at *1 n.1 (S.D. Ill. Jan. 26, 2011) (a dismissal of a prisoner's claim without prejudice pursuant to Section 1915A counts as a "strike") (collecting cases). The Clerk of Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 22, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge