IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHAN MOORER-BEY, # 03502-007, )<br>)<br>     Plaintiff,     )<br>)<br>vs.     )<br>)<br>FEDERAL BUREAU OF PRISONS, *et al.*, )<br>)<br>     Defendants.     ) | Case No. 12-cv-00212-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, Stephan Moorer-Bey, an inmate in the custody of the Federal Bureau of Prisons, filed this *Bivens* action in February 2012 for alleged deprivations of his constitutional rights by persons acting under color of federal law. Plaintiff's original complaint, which was "197 pages long and virtually unintelligible," was dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure (Doc. 6). Plaintiff then filed an amended complaint (Doc. 11). The amended complaint was screened pursuant to 28 U.S.C. § 1915A, and the case was dismissed as frivolous (Doc. 12). Judgment was entered accordingly (Doc. 13). Plaintiff appealed the dismissal of his case to the Seventh Circuit (Doc. 14). However, the Seventh Circuit dismissed Plaintiff's appeal for failure to pay the required appellate fee (Doc. 27).

This matter is currently before the Court on two motions for relief from judgment, which Plaintiff filed on December 17, 2012 (Doc. 28), and March 8, 2013 (Doc. 29). The motions are identical both in content and near incomprehensibility. They appear to request that the Court reconsider the order dismissing Plaintiff's original complaint (Doc. 6); the order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 7); and the order dismissing this

action as frivolous (Doc. 12). None of the Defendants filed a response to Plaintiff's motions, nor were they ordered to do so. For the reasons set forth below, Plaintiff's motions for relief from judgment are denied.

## DISCUSSION

Plaintiff filed both pending motions (Docs. 28, 29) under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"). A motion filed under Rule 60(b)(1) must be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1). Rule 60(b) permits a court to relieve a party from a final order or judgment based on such grounds as mistake, surprise, or excusable neglect; newly discovered evidence; fraud; or for any other reason that justifies relief. FED. R. CIV. P. 60(b); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). However, Rule 60 is not a substitute for an appeal: "The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *accord Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

In this case, Plaintiff's motions were filed approximately eight and eleven months after entry of the judgment, and therefore are timely under Rule 60(b)(1). Plaintiff seeks relief from judgment based on five grounds, but as explained below, none warrant granting Plaintiff relief from judgment in this case.

### A. "GROUND ONE"

Plaintiff first appears to argue that his original complaint was improperly dismissed (*See* Docs. 28, 29). The Court dismissed the complaint, which was "197 pages long and virtually unintelligible," under Rule 8 of the Federal Rules of Civil Procedure (Doc. 6). Dismissal was without prejudice and with leave to amend, and the order was not accompanied by a separate

final judgment (*See* Doc. 6).  Therefore, the order of dismissal was nonfinal, *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 506 (7th Cir. 2009), and Rule 60 is inapplicable.  FED. R. CIV. P. 60(b) (permitting relief from "a final judgment, order, or proceeding").

**B.  "GROUND TWO"**

So far as the Court can tell, Plaintiff is challenging the dismissal of his claim regarding his transfer to the Communications Management Unit ("CMU") at USP-Marion (*See* Docs. 28, 29).  In his amended complaint, it seems that Plaintiff attempted to allege a claim for retaliation and also a claim for violation of due process with respect to his transfer (*See* Doc. 11, pp. 8, 10, 11).  Plaintiff now re-alleges states that the transfer violated his due process rights because he was not afforded a hearing to contest the grounds for his transfer (Docs. 28, 29).

It appears that the Court overlooked Plaintiff's claims regarding his transfer when the amended complaint was screened (*See* Doc. 12).  In considering the claims now, the Court is convinced that had they not been initially overlooked, they would have been dismissed along with Plaintiff's other claims because Plaintiff failed to state any cognizable claim.

**1.  Plaintiff Failed To State A Claim For Retaliation**

In his amended complaint, Plaintiff alleged that his transfer to the CMU was retaliatory.  Specifically, Plaintiff claimed that he was transferred to the CMU in retaliation filing "financing statements" against two prison officials and submitting FOIA requests regarding five prison officials (Doc. 11, pp. 9, 11).  Plaintiff named Lockett, Joyner, Cozza-Rhodes, English, and Shmalennesse as Defendants (Doc. 11, p. 3).[1]

---

[1] Plaintiff also named "the F.B.O.P. Central Office" as a Defendant.  However, as the Court previously explained, the BOP is not a proper party to a *Bivens* action (Doc. 12, p. 4).

Case 3:12-cv-00212-GPM   Document 32   Filed 09/23/13   Page 4 of 10   Page ID #656

To state a claim for retaliation in the prison context, the complaint must set forth the defendants' retaliatory conduct and the constitutionally protected activity that motivated the defendants. *See, e.g., McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005). It is not clear that filing financing statements and submitting FOIA requests is protected speech; however, the Court need not analyze this issue because Plaintiff's claim for retaliation must be dismissed for several other, more readily apparent, reasons.

First, the chronology of events does not support an inference of retaliation. The financing statements were filed sometime before August 2009 when Plaintiff was transferred to USP-Terre Haute (*See* Doc. 11, p. 1). According to Plaintiff, the FOIA requests were submitted in December 2010 (Doc. 1, p. 10; *See* Doc. 11, p. 2). Plaintiff was transferred to the CMU in June 2011 (Doc. 28-1, p. 10). The Court finds it facially implausible that Defendants transferred Plaintiff to the CMU in retaliation for filing financing statements almost two years earlier, or for submitting FOIA requests six months earlier. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) ("To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred."); *Black v. Lane*, 22 F.3d 1395, 1408 (7th Cir. 1994) ("There must not be a significant gap in time between the exercise of protected activity and the purported act of retaliation."). *Compare Benson v. Cady,* 761 F.3d 335 (7th Cir.1985) (holding five-month gap between the filing of a lawsuit and inmate's transfer did not support inference of retaliation), *with Murphy v. Lane,* 833 F.2d 106, 109 (7th Cir. 1987) (holding an inmate's transfer "immediately"—or in any event, no more than two months—after filing a lawsuit against the prison supported inference of retaliation).

Second, the record demonstrates that the filing statements and the FOIA requests do not involve Defendants (Doc. 1). Without a link between the filing statement, the FOIA requests,

4

and Defendants, the Court cannot infer that Defendants had a plausible motive to retaliate against Plaintiff. *Smith v. DeBruyn*, 91 F.3d 146 (7th Cir. 1996); *Spivey v. Dean*, Case No. 10-CV-925-JPG, 2011 WL 1213086, at *2 (S.D. Ill. Mar. 29, 2011). Third, Plaintiff's claim that his transfer was retaliatory is contradicted by the evidence submitted by Plaintiff which demonstrates that he was transferred to the CMU in order to facilitate prison security by allowing for more comprehensive monitoring of his telephone use, written correspondence and visits (Doc. 28-1, p. 12). Finally, Plaintiff failed to sufficiently allege the personal involvement of Defendants Lockett, Joyner, Cozza-Rhodes, English, Shmalennesse. Plaintiff only generally alleged that his "transfer was authorized" by Defendants (Doc. 11, p. 3). However, administrative approval of the transfer does not amount to the personal involvement that is needed for liability to attach. *Washington v. Hodges*, Case No. 12-CV-854-GPM, 2013 WL 3200452, at *8 (S.D. Ill. June 24, 2013), *citing Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Without more, such as what positions the Defendants held or what their responsibilities were with respect to inmate transfers, there are simply not enough facts to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    **2. Plaintiff Fails To State A Claim For Denial Of Due Process**

Plaintiff also alleged his transfer to the CMU violated his right to due process because he was not afforded a hearing to contest the grounds for his transfer (*See* Doc. 11; Docs. 28, 29). However, Plaintiff's due process claim fails for two reasons.

First, Plaintiff failed to implicate a protected liberty interest. "An essential component of a procedural due process claim is a protected property or liberty interest." *Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 779 (7th Cir. 2008) (internal citations omitted). It is well-established

that a transfer from one prison to another with more adverse conditions of confinement generally does not affect a protected liberty interest. *See, e.g., Meachum v. Fano,* 427 U.S. 215, 225 (1976).  A protected liberty interest arises only if the transfer "imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), *quoting Sandin v. Connor*, 515 U.S. 472, 484 (1995).  The Seventh Circuit has "repeatedly determined that even extremely harsh prison conditions may not be so 'atypical' as to create the liberty interest the [Supreme] Court contemplated." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).  Instead, a prison's decision to transfer an inmate to more restrictive confinement may implicate a liberty interest only when "the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009).

      Here, Plaintiff failed to allege facts sufficient to allow the Court to draw the reasonable inference that Plaintiff's transfer to the CMU imposed "atypical and significant hardships". There are no allegations regarding how long Plaintiff was confined in the CMU.  The only allegation regarding the conditions of confinement is Plaintiff's assertion that the CMU had "highly restrictive conditions" (Doc. 11, p. 8).  Aside from this conclusory assertion, however, there are no factual allegations that plausibly suggest a significant disparity in the conditions of confinement in the CMU compared to the ordinary conditions of confinement.  Without more, the Court cannot infer that Plaintiff's confinement in the CMU was substantial or that the conditions in the CMU were unusually harsh.  Moreover, Plaintiff's transfer to the CMU did not affect the duration of his sentence so as to implicate a liberty interest.  The evidence that Plaintiff submitted clearly states that his transfer to the CMU would not extend his term of incarceration, or affect his eligibility for good-time credits (Doc. 28-1, p. 12).  *See Sandin v. Conner*, 515 U.S.

472, 487 (1995). Since Plaintiff failed to implicate a protected liberty interest, his claim that he was transferred without a hearing is without merit because he was not entitled to a hearing under the Due Process Clause. *See Harris v. United States*, Case No. 13-CV-214-WTL-MJD, 2013 WL 3724861, at *2 (S.D. Ind. July 15, 2013) (holding plaintiff failed to sufficiently allege a due process claim regarding his transfer to the CMU); *Jorgensen v. Bartow*, Case No. 09-C-186, 2009 WL 728454, at *4 (E.D. Wis. Mar. 17, 2009); *Hines v. Bledsoe*, Case No. 08-CV-822-MJR, 2009 WL 393790, at *2–3 (S.D. Ill. Feb. 17, 2009).

The second reason Plaintiff's due process claim fails is because, as explained above, Plaintiff failed to allege in what way Defendants Lockett, Joyner, Cozza-Rhodes, English, Shmalennesse were personally involved in the alleged violation. Plaintiff only generally alleged that his "transfer was authorized" by Defendants (Doc. 11, p. 3). Without more, there is simply not enough factual content to allow the Court to determine if Plaintiff can state a due process claim against each Defendant.

In sum, while the Court initially overlooked Plaintiff's claims regarding his transfer to the CMU, this oversight provides no basis for granting relief from the judgment under Rule 60. Plaintiff's amended complaint does not set forth allegations sufficient to state a claim for retaliation or a violation of due process, and therefore, Defendants Lockett, Joyner, Cozza-Rhodes, English, Shmalennesse would have been dismissed, and judgment still would have been entered against Plaintiff.

## C.  "GROUND THREE"

Third, Plaintiff appears to challenge the dismissal of his claim regarding his Freedom of Information Act ("FOIA") request (*See* Docs. 28, 29). He re-alleges that the Federal Bureau of Prisons violated FOIA requirements for timely processing his request (Docs. 28, 29).

The district court in Washington D.C. determined that Plaintiff's FOIA claim was not ripe for review because he had not exhausted his administrative remedies (Doc. 3). Therefore, Plaintiff's claim had to proceed as a *Bivens* claim (Doc. 3). This Court subsequently dismissed the *Bivens* claim, however, because a *Bivens* claim cannot be brought for an alleged violation of the Freedom of Information Act (Doc. 12).

Plaintiff is essentially challenging the Court's analysis that resulted in the dismissal of his claim. However, Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b).

### D. "GROUND FOUR"

Plaintiff's fourth argument is unintelligible. Plaintiff cites to statutes and case law, but the Court cannot discern how they are connected to his analysis. As for his analysis, he seems to conflate various portions of the Court's previous order (Doc. 2), and also seems to misapprehend the Court's rationale. So far as the Court can tell, "Ground 4" does not appear to relate to matters appropriately raised in a Rule 60 motion, and therefore provides no basis for granting relief from the judgment.

### E. "GROUND FIVE"

Finally, Plaintiff argues that the Court erred in granting his motion for leave to proceed in forma pauperis (*See* Docs. 28, 29). When Plaintiff filed his original complaint, he also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the Court granted (Doc. 7). Plaintiff now argues that he should not have been granted pauper status because he claims that he

paid the $350 filing fee in full (Docs. 28, 29). However, because the Court's order granting Plaintiff's motion to proceed *in forma pauperis* is not a final order, Rule 60 is inapplicable.

Nevertheless, given Plaintiff's particularly litigious nature, the Court wishes to note that Plaintiff's argument has no merit. Plaintiff appears to believe that if he had not been granted pauper status, his complaint would not have been screened under the Prison Litigation Reform Act ("PLRA"), and he would not have incurred a third strike (*See* Docs. 28, 29). However, the plain language of the PLRA refutes Plaintiff's argument. The PLRA requires courts to screen *any and all* prisoner complaints, regardless of whether the prisoner has paid the filing fee in full. 28 U.S.C. § 1915A(a).[2] The PLRA also instructs that courts should dismiss any case filed by a prisoner, regardless of whether the prisoner has paid the filing fee in full, if the prisoner's complaint is legally frivolous. 28 U.S.C. § 1915(e)(2).[3] *See also Byrd v. Shannon*, 715 F.3d 117, 124 (3d Cir. 2013) ("[S]trikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP."); *Duvall v. Miller*, 122 F.3d 489, 490 (7th Cir. 1997) ("We therefore hold that a dismissal need not, to qualify as a strike, be of an action or appeal filed in forma pauperis.")

---

[2] Section 1915(A)(a) provides: "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

[3] Section 1915(e)(2) provides:
> *Notwithstanding any filing fee, or any portion thereof, that may have been paid,* the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Therefore, Plaintiff's status as a pauper did not affect the manner in which his case proceeded. His complaint would have been screened and dismissed as frivolous, and Plaintiff would have been assessed a strike, even if pauper status has not been granted.

## CONCLUSION

Relief under Rule 60 is "an extraordinary remedy and is granted only in exceptional circumstances," none of which have been shown to exist in this case. *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009), *quoting McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citations omitted). Accordingly, Plaintiff's motions for relief from judgment (Docs. 28, 29) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge